

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brock
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. O-3670
Re: Whether an order by the Dis-
trict Judges setting forth a
raise in the annual salary
of the county auditor under
S. B. No. 119, 47th Legisla-
ture, amending Article 1645,
R.C.S., must be approved
by the Commissioners' Court
to be effective. Other re-
lated questions.

In your letter of August 6, 1941, addressed to the
Attorney General, you submit three questions upon which you
desire the opinion of this department, set forth herein in the
following paragraphs which we quote as material to your request:

"At the present time and under Article
1645, as it read prior to the above amendment,
the County Auditor of Lubbock County is receiv-
ing a salary of $3500.00 per annum as set on
the 1st day of January, 1941, and has received
this salary in monthly installments down to the
present date. Pursuant to Article 1645 as amend-
ed by Senate Bill number 119, the District Judges
of Lubbock County have passed an order fixing the
salary of the County Auditor in and for Lubbock
County at the sum of $4250.00 per annum, payable
monthly out of the general fund of Lubbock Coun-
ty, and I am enclosing herewith a copy of this
order as filed in the minutes of the District
Court of Lubbock County, Texas and as recorded
in the minutes of the Commissioners' Court of
Lubbock County, Texas.

"* * *.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(1) Will the Commissioners' Court be required to approve this order before the County Auditor can receive a salary of $4250.00 per annum?

"* * *

"(2) Can the Commissioners' Court fix a lower salary than that fixed by the District Judges?

"* * *

"(3) What would be the salary of the County Auditor in the event the Commissioners' Court does not enter its' written consent and approval of the order of the District Judges, a copy of which is attached to this letter?"

That portion of Section 1 of Senate Bill No. 119, 47th Legislature, amending Article 1645, Revised Civil Statutes of Texas, reads:

"Article 1645. In any county having a population of thirty five thousand (35,000) inhabitants, or over, according to the last preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars or over, according to the last approved tax roll, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years and who shall receive as compensation for his services to the county as such County Auditor, an annual salary of not more than the annual salary allowed or paid the Assessor and Collector of Taxes in his county, and not less than the annual salary allowed such County Auditor under the general law provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, a majority

ruling, said annual salary to be paid monthly out of the general fund of the county. The action of said District Judge or District Judges in determining and fixing the salary of such County Auditor shall be made by order and recorded in the minutes of the District Court of the county, and the Clerk thereof shall certify the same for observance to the Commissioners' Court, which shall cause the same to be recorded in its minutes; after the salary of the County Auditor has been fixed by the District Judge or District Judges, no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. Provided however, any increase in the salary of any such County Auditor, over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose County Auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners' Court shall be made by order of such Court and recorded in the minutes of the Commissioners' Court of such county."

Under Article 1645 prior to its amendment by Senate Bill No. 119, 47th Legislature, and as it applied to Lubbook County on January 1, 1940, the annual salary of the county auditor was fixed by the Legislature, to be computed from the last approved tax rolls, not to exceed $3600.00 annually from county funds and paid monthly out of the general fund of the county upon order of the commissioners' court on the basis of $125.00 per each Million Dollars or major portion thereof. As by the provisions of Article 1647, Revised Civil Statutes, unaffected by Senate Bill No. 119, the appointment of the auditor remains under the jurisdiction of the district judges by this amendment. We find no provisions in the Act authorizing the commissioners' court to fix the county auditor's salary.

It will be noted from the above quoted provisions of Senate Bill No. 119, that a limitation is placed upon the district judge or judges, in determining the annual salary of such county

auditors. Such limitation is that the annual salary so fixed and determined shall be not more than the annual salary allowed or paid the assessor-collector of taxes in his county and not less than the annual salary allowed such auditor under the general law provided in Article 1645, Revised Civil Statutes, as same existed on January 1, 1940. This amendment provides the procedure for the authorized increase in the salaries of certain county auditors and where the order fixing and determining the salary sets forth an amount exceeding that allowed the auditor under the general law as above stated, the consent of the commissioners' court as to the order of the district judge or judges must show affirmatively its approval by the commissioners' court by order recorded in the minutes of the commissioners' court of such county to be effective.

What we have said above is in accord with our interpretation of the amendment as set forth in our Opinion No. O-3804, approved August 1, 1941, a copy of which is hereto attached.

It is, therefore, the opinion of this department that it is discretionary with the commissioners' court whether it will approve the order of the district judges increasing the salary of the county auditor of Lubbock County under Senate Bill No. 119, 47th Legislature, which, in order to be effective, must be approved by the commissioners' court. To be effective for the current year, such increase must be within the provisions of the county budget.

In answer to your second and third questions, it is our opinion that Senate Bill No. 119, 47th Legislature, does not authorize the commissioners' court to fix the salaries of the county auditors within its provisions. Where the commissioners' court does not enter its written consent and approval of the order of the district judges providing an increase in salary for the county auditor, his salary would remain that fixed under the general law applicable to Lubbock County and so computed.

In accordance with the foregoing conclusions, it appears that you have correctly advised your commissioners' court with reference to the questions submitted.

Yours very truly

APPROVED
OPINION
COMMITTEE
~ J. W. B.
CHAIRMAN

APPROVED AUG 21, 1941

(signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By                (signed)
          Wm. J. R. King
              Assistant

WJRK:RS

ENCLOSURE